# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TENNESSEE VALLEY AUTHORITY**                                  **PLAINTIFF**

**V.**                                                                       **NO. 3:25-CV-135-DMB-JMV**

**CITY OF HOLLY SPRINGS,**
**MISSISSIPPI, et al.**                                                    **DEFENDANTS**

## ORDER

On May 1, 2025, Tennessee Valley Authority ("TVA") filed a "Verified Complaint" in the United States District Court for the Northern District of Mississippi, naming as defendants City of Holly Springs, Mississippi, a municipal corporation ("Municipality"); Sharon D. Gipson, in her official capacity as Mayor of the Municipality; Wayne C. Jones, in his official capacity as the General Manger of the Holly Springs Utility Department; Dexter Shipp, in his official capacity as a Member of the Board of Aldermen; Bernita J. Fountain, in her official capacity as a Member of the Board of Aldermen; Andre Jones, in his official capacity as a member of the Board of Aldermen; Colter Teel, in his official capacity as a member of the Board of Aldermen; and Patricia Merriweather, in her official capacity as a member of the Board of Aldermen. Doc. #1. On May 13, TVA filed a motion for a preliminary injunction seeking certain injunctive relief regarding its Power Contract with the Municipality. Doc. #9. On June 3, TVA filed a "contingent" motion for a temporary restraining order regarding the same. Doc. #18.

Six days later, the parties filed a joint motion for an order "staying this action and all pending motions for ninety (90) days" and that such order, "in accord with the relief requested in TVA's Motion for a Preliminary Injunction (Doc. 9), … prohibit Defendants and anyone acting in concert or privity with them from:"

(1) Making PILOT payments until the Municipality is in compliance with its duties to perform the Power Contract in full and strict compliance with its terms and to ensure the proper use of system revenues as required by Section 1 and Section 6 of the Power Contract and Section 2 of the Terms and Conditions (Power Contract, Doc. 1-1 §§ 1, 6 at PageID ## 26, 29–30; Terms and Conditions, Doc. 1-1 § 2 at Page ID # 40); and

(2) Restricting TVA and its authorized agents from exercising their express contractual right to access books and records relating to electric system operations (Terms and Conditions, Doc. 1-1 § 1 at PageID # 39).

Doc. #22 at 1–2.

Upon consideration of the joint motion and the Court's discussion with counsel for the parties during the June 4 status conference, the joint motion [22] is **GRANTED**. Accordingly,

1. This action and all pending motions are **STAYED** for ninety (90) days from the date of entry of this Order;

2. The Parties **SHALL** file a First Joint Status Report forty-five (45) days from the date of entry of this Order, informing the Court of steps taken to resolve this action and any additional pertinent information;

3. The Parties **SHALL** file a Second Joint Status Report no later than seven (7) days prior to the expiration of the stay of this action, informing the Court of steps taken to resolve this action and any additional pertinent information;

4. Defendants and anyone acting in concert or privity with them are **PROHIBITED** from making PILOT payments until the Municipality is in compliance with its duties to perform the Power Contract in full and strict compliance with its terms and to ensure the proper use of system revenues as required by Section 1 and Section 6 of the Power Contract and Section 2 of the Terms and Conditions; and

5. Defendants and anyone acting in concert or privity with them are **PROHIBITED** from restricting TVA and its authorized agents from exercising their express contractual right to

access books and records relating to the Municipality's electric system operations.

    **SO ORDERED**, this 9th day of June, 2025.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**
